J-S05043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FERNANDO LOUIS LAGARES, III, | |
| Appellant | No. 910 MDA 2016 |

Appeal from the Judgment of Sentence May 4, 2016
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0008023-2014

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MARCH 27, 2017**

Appellant, Fernando Louis Lagares, III, appeals from the judgment of sentence imposed on May 4, 2016, following his jury conviction of one count each of possession with intent to deliver narcotics (PWID)[1] and person not to possess firearms.[2] On appeal, Appellant challenges the trial court's denial of his motion for a mistrial. For the reasons discussed below, we affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 6105(a)(1).

We take the underlying facts and procedural history in this matter from the trial court's September 27, 2016 opinion and our independent review of the certified record.

This case arises out of the execution of a search warrant on October 16, 2014[,] at 900 East Princess Street, in York County, Pennsylvania by the Springettsbury Township Police Department along with the York County Drug Task Force.

At approximately 4:45 [p.m.] on October 16, 2014, police officers arrived at 900 East Princess Street, knocked on the door and announced they had a warrant to search the residence. After hearing no response, they rammed the door and entered. Upon entrance, officers saw a man, later identified as [] Appellant, running towards the rear exit of the house. Officers at the rear entrance of the house were able to secure Appellant and take him into custody. At that time Appellant was given his **Miranda**[3] rights and cautioned that anything he said could be used against him in court. A search of Appellant's person produced approximately $4,500.00 in cash. Also present during the execution of the search warrant was a female, Diamond Bailey, and two small children.

A search of the residence and the garage produced: approximately [seventy] grams of marijuana; a digital scale; packaging materials, including plastic baggies; and a firearm, a 12-ga[u]ge shotgun. The firearm was found in a green bag located under the sofa in the living room of the residence and was identified as a Mossberg 12-ga[u]ge shotgun. When officers found the weapon Diamond Bailey became upset that there was a gun in the house with the children.

Appellant told officers that the shotgun was not his and that it belonged to his girlfriend, Diamond Bailey. Officers asked Appellant if law enforcement would find Appellant's DNA or fingerprints on the weapon. Appellant responded by stating, "that his fingerprints would probably be on the shotgun because he used the weapon to protect his family." Appellant also

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

explained that, "he knew he was not allowed to use a firearm but he did not care."  In addition to the shotgun, numerous shells for a 12-ga[u]ge shotgun were found at the residence.  As a result of the search, Appellant was arrested on October 16, 2014.

(Trial Court Opinion, 9/27/16, at 2-3) (record citations omitted).

A jury trial took place on March 21 and 22, 2016.  In his opening statement, defense counsel admitted that Appellant was a person who was not allowed to possess a firearm and that he had possessed the marijuana with the intent to deliver.  (**See** N.T. Trial, 3/21/16, at 99-100).

One of the witnesses presented by the Commonwealth was Detective Russell Schauer of the Springettsbury Township Police Department.  (**See** N.T. Trial, 3/22/16, at 143).  When asked by the Commonwealth if Appellant made any statements to him, Detective Schauer testified, in part, that while yelling at the police, Appellant stated "he was on probation."  (**Id.** at 146).  Defense counsel moved for a mistrial, which the trial court ultimately denied.  (**See id.** at 146-53).  The jury found Appellant guilty of all charges.

On May 4, 2016, the trial court sentenced Appellant to an aggregate term of incarceration of not less than five nor more than twelve years.  On June 2, 2016, Appellant filed a timely notice of appeal.  On June 3, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  Subsequent to the grant of a motion for an extension of time, Appellant filed a timely Rule 1925(b) statement on July 25, 2016.  **See id.**  On September 27, 2016, the trial court filed an opinion.  **See** Pa.R.A.P. 1925(a).

- 3 -

On appeal, Appellant raises the following question for our review.

Whether the trial court committed an error of law when it denied Appellant's request for a mistrial because a Commonwealth witness referred to Appellant's probation status during testimony?

(Appellant's Brief, at 4).

In his only claim, Appellant contends that the trial court erred in denying his motion for a mistrial. (**See** Appellant's Brief, at 105). We disagree.

The following standards govern our review of the denial of a motion for mistrial:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

***Commonwealth v. Jaynes***, 135 A.3d 606, 615 (Pa. Super. 2016), *appeal denied*, 145 A.3d 724 (Pa. 2016) (citation omitted). "A mistrial is an extreme remedy that is required only where the challenged event deprived the accused of a fair and impartial trial." ***Commonwealth v. Smith***, 131 A.3d 467, 475 (Pa. 2015), *cert. denied*, 137 S.Ct. 46 (2015) (citation omitted). "The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion." ***Commonwealth v. Parker***, 957 A.2d 311, 319 (Pa. Super. 2008), *appeal denied*, 966 A.2d 571 (Pa. 2009) (citation omitted).

Here, the following occurred at trial during the direct examination of Detective Schauer:

> [The Commonwealth]: And in the course of your interactions with [Appellant], what did he say to you about anything?
>
> [Detective Schauer]: It was more yelling at us. He was yelling that we were wasting our time there. He stated that he was on probation.
>
> [Defense Counsel]: Your Honor, may we approach?
>
> [The Trial Court]: Yep.

(N.T. Trial, 3/22/16, at 146). During a sidebar discussion, the following occurred:

> [Defense Counsel]: Your Honor, [the Commonwealth] and I know this exact statement is to make sure he doesn't get that in and he sure did. So, I have to request a mistrial at this point.
>
> [The Trial Court]: [The Commonwealth]?

- 5 -

[The Commonwealth]: [Defense Counsel] did make that request along with other points that he raised. I admit that. I agreed with him that that won't be admissible. I inadvertently with my discussions with the affiant this morning among other subjects that we discussed. [sic]

\* \* \*

[The Trial Court]: My initial inclination was to grant your request, [Defense Counsel]. But on reflection the jury already knows that he is not permitted to have a firearm from a prior conviction. They could very well think that the conviction that the officer mentioned he was on probation for could have been that conviction.

So, this isn't a situation where he is theoretically devoid of all criminal contact. I think that puts it in a little different situation. I can give the jury a cautionary instruction. They have already heard that he is a person not to possess because of a prior incident. They are not to infer that he did anything wrong as a result of that or some other type of cautionary instruction.

But, I think given the fact that they have already been informed that he has got a previous conviction that prohibits him from having the firearm, I am not so sure that mention of probation is an automatic grant of a mistrial in this particular situation. Ordinarily I would agree with you. But I am not sure that we are at that point in this case.

(N.T. Trial, 3/22/16, at 146-48).

After some discussion, the trial court directed the parties to revise a previously agreed upon stipulation regarding Appellant's prior felony conviction, to make it seem like the probation Detective Schauer referred to could have come from that offense.

[The Trial Court]: Is there any reason why you can't work out a stipulation, understanding you have made the request for a

- 6 -

mistrial that indicates that at least [sixty] days prior to October, whatever it was, he became a person prohibited by law from possessing or controlling a firearm?

Is there some reason why you have to mention a particular date?

[The Commonwealth]: No, there isn't. We can cover the [sixty] day threshold.

[The Trial Court]: If the Commonwealth does that with regard to the stipulation, I am going to overrule your request for a mistrial. I understand your agreement to the stipulation is not a waiver of that request for a mistrial.

But, I think under the circumstances had we not already had this information potentially before the jury, I would have no hesitation granting a mistrial. I think it would be entirely appropriate given the pecuniary [sic] of the charge in this case and what the jury already knows.

I agree I think it's not automatic and I believe the stipulation will be able to cure that. If not, you will have your appeal issue if there is a conviction.

I am going to overrule your request for a [mistrial] predicated [on] the Commonwealth revising the stipulation to meet the terms of the statute and eliminating any reference to the date, and we will also note that your agreement to that stipulation is not waiving your request for a mistrial.

(*Id.* at 151-52).

The trial court offered to give an immediate curative instruction to the jury, but defense counsel stated that he would prefer that such a curative instruction be included in the final charge to the jury. (*See id.* at 152-53).

Following closing arguments, the trial court gave the following instruction to the jury.

- 7 -

I [sic] may have heard testimony or even a stipulation concerning the fact that [Appellant] had a previous conviction that precludes him from carrying a firearm. You may not consider that evidence as evidence or proof of the fact that he may have committed a crime on this particular occasion.

That evidence was only admitted for a very limited purposes and that was specifically to address one of the elements of the offense with which [Appellant] is charged and which I'll talk about in a few minutes.

(*Id.* at 294-95).

Appellant did not object to this instruction. (*See id.* at 295). When asked, defense counsel stated that he did not see the need for any corrections or additional instructions. (*See id.* at 302-03, 306). At the conclusion of the jury charge, defense counsel did not object to the charge as a whole, or request any additional instruction. (*See id.* at 308).

This Court has stated that:

[i]n Pennsylvania, evidence of crimes other than those charged in the case before the jury may not be presented at trial to prove the defendant's criminal character or his tendency toward committing criminal acts. However, mere passing references to prior criminal activity will not necessarily require reversal unless the record illustrates definitively that prejudice results. Prejudice results where the testimony conveys to the jury, either expressly or by reasonable implication, the fact of [another] criminal offense. Determining whether prejudice has occurred is a fact specific inquiry.

*Commonwealth v. Padilla*, 923 A.2d 1189, 1194-95 (Pa. Super. 2007), *appeal denied*, 934 A.2d 1277 (Pa. 2007) (quotation marks and citations omitted).

Here, the incident did not deprive Appellant of a fair and impartial trial because the comment was, at most, a fleeting reference to criminal activity. Detective Schauer made a brief reference that Appellant told him that he was on probation. Detective Schauer did not state what offense Appellant had committed and did not give any details of the alleged crime. Moreover, by the time Detective Schauer testified, both the Commonwealth and defense counsel had already informed the jury during *voir dire* and during opening statements that Appellant had a prior conviction that rendered him a person not to possess a firearm, and that he was admitting that he possessed marijuana with intent to distribute. (*See* N.T. Trial, 3/21/16, at 53-54, 68, 92, 97-100). Thus, the jury knew that Appellant participated in criminal activity. Further, the parties amended their stipulation regarding that prior crime so as not to draw undue attention to the jury about whether the probation sprung from that offense. (*See* N.T. Trial, 3/22/16, at 152-53, 165). The trial court offered to give an immediate curative instruction but counsel for Appellant declined. (*See id.* at 152-53). Given this, Appellant has failed to explain how he was prejudiced by a fleeting reference to his being on probation. Accordingly, the trial court did not err in denying Appellant's motion for a mistrial. *See Padilla*, *supra* at 1194-95; *see also Smith*, *supra* at 475.

In any event, Appellant's argument appears to be less that the trial court erred in denying the initial motion for a mistrial and more that its

curative instruction was inadequate. (**See** Appellant's Brief, at 13-14). However, Appellant waived this claim because he did not timely object to the curative instruction or request any additional instruction. **See Commonwealth v. Neff**, 860 A.2d 1063, 1071 (Pa. Super. 2004), *appeal denied*, 878 A.2d 863 (Pa. 2005).

Appellant's issue is both partially waived and lacks merit. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2017